# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY JOE ADAM USÉ | CIVIL ACTION |
| VERSUS | NO. 18-5324 |
| JERRY J. LARPENTER, ET AL. | SECTION "S"(4) |

## ORDER AND REASONS

The plaintiff, Johnny Joe Adam Usé, filed a **Motion for Appointment of Counsel (Rec. Doc. No. 5)**. The fill-in-the-blank form document contains absolutely no content or discussion. Usé filed this *pro se* and *in forma pauperis* proceeding pursuant to 42 U.S.C. § 1983 against Terrebonne Parish Sheriff Jerry J. Larpenter, Gordon Dove, Sergeant Lee, and Sergeant Becknel, alleging that the officials at the Terrebonne Parish Criminal Justice Complex are charging inmates for items that should be provided without cost and are not providing adequate meals and fresh food.[1]

On June 21, 2018, and July 11, 2018, the Court issued an order directing Usé to explain in writing why he seeks the assistance of counsel and what efforts he made to locate counsel on his own.[2] The Orders were mailed to Usé at the address he provided to the Court and the last known address obtained by the Court from the prison. Both envelopes were returned marked as undeliverable.[3] Usé did not respond to either Order or otherwise contact the Court about his case.

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. Nos. 16, 19.

[3] Rec. Doc. Nos. 17, 20.

in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Usé's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel even with the impending trial.

The issues in this case are not complex and Usé has not demonstrated an inability to adequately understand and convey the facts of his case without assistance of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). In fact, Usé has failed to maintain contact with the Court or demonstrate any interest in proceeding with this case.

Therefore, the record in this case does not demonstrate a need for the appointment of counsel under the foregoing precedent. Accordingly,

**IT IS ORDERED** that Usé's **Motion for Appointment of Counsel (Rec. Doc. No. 5)** is **DENIED**.

New Orleans, Louisiana, this  18th  day of September, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**