UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY JOE ADAM USÉ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5324** |
| **JERRY J. LARPENTER, GORDON DOVE, SGT. LEE, SGT. KAREN BECNEL** | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 23)** filed by the defendant, Gordon Dove, seeking dismissal of plaintiff's complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. The motion and the underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that the motion and this matter can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

The plaintiff, Johnny Joe Adam Usé ("Usé") was an inmate housed in the Terrebonne Criminal Justice Complex ("TPCJC") at the time of the filing of this civil action.[1] He has since been released from the facility.[2] Usé filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants, Terrebonne Parish Sheriff Jerry J. Larpenter, Terrebonne

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 16.

Parish President Gordon Dove, Sergeant Lee, and Sergeant Karen Becnel, seeking monetary compensation and injunctive relief resulting from the conditions of his confinement.

Broadly construed, Usé complains that TPCJC officials charge inmates for certain clothing items, such as t-shirts, underwear and socks, which he believes should be provided to the inmates upon intake into the prison. He also alleges that the food service and paper supplies for indigents are inadequate. He further complains that the commissary prices are inflated at the prison. He also contends generally that the people in Terrebonne Parish are being charged to use the money machines to obtain money to put in the inmates' accounts.

## II. Standards of Review

### A. Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly

2

baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

       **B.**     **Motion Under Fed. R. Civ. P. 12(b)(5)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) challenges the failure to or means of delivery of the summons and copy of the complaint. A Rule 12(b)(5) motion turns on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

**III.**    **Analysis**

       **A.**     **Inadequate Service on Dove**

Defendant Gordon Dove seeks dismissal of this *pro se* and *in forma pauperis* complaint on the basis that service was not properly made upon him. Specifically, Dove alleges that the service was left for him at the Terrebonne Parish Sheriff's Office and that the Sheriff is not a registered agent for him.

A plaintiff is required to serve the summons and a copy of the complaint upon the defendants in a timely and proper manner. *See* Fed. R. Civ. P. 4. When a plaintiff is proceeding

3

as a pauper, service is to be accomplished through the U.S. Marshal's Service in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2). A *pro se* plaintiff bears the burden of proving the validity of service or good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "[G]ood cause is shown when in forma pauperis plaintiff[ ]'s failure to properly serve a defendant is attributable to a government personnel who [has] improperly performed their duties." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996); *see also*, *Sanchez v. Perez*, No. 96-40049, 1996 WL 512289, at *1 (5th Cir. Aug. 30, 1996) (dismissal improper where Marshal did not properly serve the summons and did not seek corrective action from the plaintiff); *Pickens v. Powell*, 188 F. App'x 258, 259 (5th Cir. 2006) (the U.S. Marshal's Service improperly performed its duty when it attempted to serve only by certified mail and not personally, and dismissal was improper).

In this case, it appears there is good cause for the improper service which was not the fault of the plaintiff. Pursuant to the standard practice of this Court, Title 28 of the United States Code, and the Federal Rules of Civil Procedure, summons and a copy of the complaint were prepared by the Clerk of Court and provided to the U.S. Marshal's Service for service upon the defendants. A review of the summons issued by the Clerk of Court reflects, however, that other than the name "Gordon Dove," the Clerk of Court failed to include a service address on the summons intended for Dove.[3] Plaintiff provided a service address for Dove in his complaint as Terrebonne Parish Government Tower, 7856 Main Street, Houma, Louisiana, 70360.[4] The record does not reflect that the Marshal's Service sought to obtain the missing address or clarification of the summons

---

[3] Rec. Doc. No. 4-1.

[4] Rec. Doc. No. 1, p. 4.

4

form for Dove or any of the other summons in this case (none of which bear an address for its intended defendant). This demonstrates error by the clerk and/or the Marshal's Service, not Usé.

It is well settled in this Circuit that "a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). In keeping with this, dismissal of the complaint under Fed. R. Civ. P. 12(b)(5) for lack of service is simply too harsh a sanction under the circumstances of this case. *See Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (considering involuntary dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)) (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (same).

In such a case, the law provides alternative remedies within the Court's discretion to remedy an improper service by the U.S. Marshal's Service. For example, the Court may quash service and give the plaintiff an additional opportunity to properly effect service. *Neely v. Khurana*, No. 07-CV-1344, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008).

In this case, however, the Court does not find any need to remedy the flawed service in this case. For the reasons that follow, Usé's § 1983 claims are frivolous and the complaint may be dismissed under the Court's statutory review for frivolousness pursuant to 28 U.S.C. § 1915 and related provisions. Therefore, Dove's Motion to Dismiss (Rec. Doc. No. 23) should be **DENIED** without need for a corrective measure to remedy the service in light of the recommended dismissal of the plaintiff's claims.

### B. Conditions of Confinement

Usé alleges that the prison officials charge inmates for items that should be provided to prisoners and do not provide adequate meals or adequate amounts of paper to indigent inmates. He also contends that the commissary prices are too high and the money machines charge a usage fee to people obtaining money for inmates.

To state a claim under § 1983, a plaintiff must establish both that a constitutional violation occurred and that the action was taken by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981). In this case, however, Usé has failed to allege what, if any, constitutional violation involved defendant Dove nor has he identified a basis for Dove to be liable for the alleged conditions of the TPCJC. Furthermore, none of his alleged complaints about the matters at TPCJC rise to the level of a constitutional violation.

#### 1. Dove is Not Responsible for the Jail

As an initial matter, Usé has failed to allege that Dove was involved in any action at the prison or was in any way responsible for the management of the prison. Under Louisiana law, the administration of a parish jail, including the obligation to care for, feed and clothe the prisoners, is the exclusive province of the Parish Sheriff, not of the city or parish where the jail is located. La. Rev. Stat. Ann. § 15:704, § 33:1435(A); *Watson v. Graves*, 909 F.2d 1549, 1551 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298, 304 n. 8 (5th Cir.1987); *Gorton v. Ouachita Parish Police Jury*, 814 So.2d 95, 104, 106-07 (La. App. 2d Cir. 2002); *Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2d Cir. 1991).

Usé has not alleged that Dove personally took any actions against him or in connection with the conditions of his confinement at the TPCJC. Usé has not alleged a basis to hold Dove,

6

the Parish President, liable under § 1983 the conditions of his confinement in the TPCJC. His claims against Dove are frivolous and otherwise fail to state a claim for which relief can be granted. His claims against Dove should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### 2. Commissary Prices

Usé complains without specificity about the price of the commissary goods being sold to the inmates. However, inmates do not have a constitutional right to purchase commissary items at low prices. See *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980) ("[T]here is simply no legal basis for a demand that inmates be offered items for purchase at or near cost."); *see also Armstrong v. Broadus*, No. 08CV225, 2009 WL 3805552, at *9 (S.D. Miss. Nov. 6, 2009); *Smith v. Shivers*, No. 09-1027, 2009 WL 3379925, at *4 (W.D. La. Oct. 16, 2009); *Hopkins v. Keefe Commissary Network Sales*, No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. Jul. 12, 2007); *Pepper v. Carroll*, 423 F. Supp. 2d 442, 449 (D. Del. 2006); *Trujillo v. Young*, No. 02CV01083, 2003 WL 23312781, at *3 (W.D. Va. June 5, 2003). Without asserting the violation of some constitutional right, Usé's claims are frivolous and otherwise fail to state a claim for which relief can be granted. His claims against the defendants should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### 3. Money Machine Fees

Usé alleges that the people of Terrebonne Parish have to pay fees at money machines to obtain money for their loved ones, presumably inmates in the TPCJC. This assertion wholly fails to address the violation of one of Usé's constitutional rights. Usé cannot assert a § 1983 claim on behalf of other persons.

Nevertheless, to the extent this addresses a condition imposed upon him, the federal courts have made clear that non-indigent prisoners (and certainly visitors at a prison) may be charged for all manner of services and supplies they receive when they can afford it. *See*, *e.g.*, *Cotner v. Knight*, No. 95-6105, 1995 WL 441408, at *13 (10th Cir. July 21, 1995) (non-indigent inmates may be charged for photocopies and postage); *Boles v. Overton*, No. 93-1249, 1993 WL 533572, at *2 (6th Cir. Dec. 20, 1993) (upholding prison's 5% service charge on inmate accounts for processing catalog orders); *Cummings v. Gusman*, No. 09-144, 2009 WL 1649737, at *3 n.11 (E.D. La. June 9, 2009) (non-indigent inmates may be charged for hygiene supplies); *Coleman v. Whitney*, No. 06-2285, 2006 WL 3791316, at *2 (E.D. La. Dec. 21, 2006) (non-indigent inmates may be charged for medical services); *Wilkerson v. Champagne*, No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003) (same); *Hutchinson v. Belt*, 957 F. Supp. 97, 100 (W.D. La. 1996) (same).

Usé cannot be remedied for fees charged to other people for money machine fees, which also does not involve a constitutional right. Usé otherwise may be charged by the prison when appropriate for services at the prison. His claim is frivolous and otherwise fails to state a claim for which relief can be granted. His claims should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### 4.     Charges for Underclothes and Socks

Usé complains that the TPCJC charges inmates for underwear, t-shirts, and socks which he claims should be given to them upon arrival at the jail. This claims is frivolous.

Prisons are expected to make clothing available to inmates as one of the necessities of life. *See Knop v. Johnson*, 667 F. Supp. 467, 475 (W.D. Mich.1987) (citing *Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984)). An inmate is unconstitutionally deprived of clothing only when

8

the deprivation amounted to the infliction of punishment lacking in penological justification. *LeMaire v. Maass*, 745 F. Supp. 623, 639 (D. Ore. 1990), *vacated on other grounds*, 12 F.3d 1444, 1455 (9th Cir. 1993); *Knop*, 667 F. Supp. at 475 (citing *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981)).

Usé has not alleged that the prison failed to make clothing available to him or that he is unable to afford the clothing offered to him. Prison officials may constitutionally charge inmates for certain kinds of goods and services while incarcerated, including clothing. *See Morris v. Livingston*, 739 F.3d 740, 750-52 (5th Cir. 2014) (inmates permissibly charged for medical services while incarcerated; budgetary control is a legitimate penological interest) (citing *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996)); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 246, 253 (4th Cir. 2005) (jail's policy of charging pretrial detainee one dollar per day to help defray his housing cost is not punishment and jail "has a legitimate interest in attempting to defray the costs of a prisoner's keep."). Thus, the fact that defendants charged plaintiff for his clothing does not violate the Constitution.

His claim is frivolous and otherwise fails to state a claim for which relief can be granted. His claims should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

     **5.**    **Inadequate Food**

Usé claims that the food at the prison is not adequate because items with aspartame make him hungry and they sometimes provide two sandwich meals in a row. This claims is also frivolous.

An inmates has a constitutional right to receive reasonably adequate food while in prison. *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Constitutional standards require only that prison authorities provide an inmate with the

9

basics in this regard, including "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)). In this case, Usé has not alleged a violation at this level.

Instead, under a broad reading, he alleges only that he does not like the food or is being served sandwiches without more variety. The Constitution does not require that an inmate be provided with particular consumables at a certain temperature or tastiness or with every culinary amenity which one may find desirable. *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983); *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), *rev'd on other grounds*, *sub nom*, *Bell v. Wolfish*, 441 U.S. 520 (1979) (citing *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977)). The Constitution also does not require that plaintiff receive particular amounts or kinds of food. *Green*, 801 F.2d at 770. "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Usé has not identified a violation of a constitutional or deprivation of reasonably adequate food at the TPCJC.

Usé has not stated a non-frivolous claim or a claim for which relief can be granted. His claims should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### 6. **Inadequate Paper Supplies**

Broadly construed, Usé alleges that he only receives 10 pages of paper a month which he does not believe to be an adequate supply for him as an indigent inmate to do legal work. This claim also is frivolous.

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. Texas, Fort Bend County*, 325 F. App'x. 389, 390 (5th Cir. 2009); *Sandoval v. Johns*, 264 F.3d 1142, No. 00-41276, 2001 WL 822779, at *1 (5th Cir. June 29, 2001)

(Table, Text in Westlaw); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. Aug. 28, 1997) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

To state a non-frivolous claim that his constitutional right of access to the courts was violated, Usé must demonstrate that the paper supplies he was given "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He must also demonstrate that his position as a litigant was actually prejudiced. *Lewis*, 518 U.S. at 356; *Cochran v. Baldwin*, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); *Smith v. Polunsky*, 233 F.3d 575, No. 00-40362, 2000 WL 1468717, at *1 (5th Cir. Sep. 5, 2000); *Eason*, 73 F.3d at 1328.

Usé does not allege anything more than the paper supply does not seem to be reasonable. He does not assert that he has been prejudiced in the pursuit of a legal claim. In *Lewis*, the Supreme Court made clear that an inmate must establish actual injury for his claim to reach the level of a constitutional violation. Usé has made no such allegation here.

Usé's §1983 claims against the defendants are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed in accordance with 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

## IV.  Recommendation

It is therefore **RECOMMENDED** that defendant Gordon Dove's Motion to Dismiss (Rec. Doc. No. 23) be **DENIED**.

It is further **RECOMMENDED** that Usé's §1983 claims against the defendants, Sheriff Jerry J. Larpenter, Gordon Dove, Sergeant Lee, Sergeant Karen Becnel, be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 9th day of October, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**